Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572
0E452 - G93

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| MARIA BLANEY, <br> 835 S Harris Ave <br> Columbus, OH 43204 | ) <br> ) <br> ) <br> ) | CASE NO: <br><br> JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| CITY OF COLUMBUS <br> Facilities Management <br> Department of Finance and Management <br> 90 W Broad St <br> Columbus, OH 43215 | ) ) ) ) ) ) ) | **JURY DEMAND ENDORSED HEREIN** |
| Defendant. | ) | |

Plaintiff, Maria Blaney, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

### PARTIES, JURISDICTION & VENUE

1. Blaney is a resident of the city of Columbus, Franklin County, state of Ohio.

2. Defendant CITY OF COLUMBUS, ("Columbus" or "the City") is the City in charge of the Department of Finance and Management (Facilities Management - Department of Finance and Management) where plaintiff was employed.

3. Columbus' principal place of business is located at 90 W Broad St, Columbus, OH 43215.

4. The events that gave rise to Plaintiff's claims in this action occurred at Columbus' Division of Police Headquarters, located at 120 N Marconi Blvd, Columbus, OH 43229, where Plaintiff performed her job duties.

5. Columbus is, and was at all times hereinafter mentioned, an employer within the meaning of R.C. § 4112.01(A)(2).

The Employee's Attorney.℠



EXHIBIT 1

Case: 2:19-cv-02054-ALM-KAJ Doc #: 3 Filed: 05/21/19 Page: 2 of 17 PAGEID #: 111
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572
0E452 - G94

6. All of the material events alleged in this Complaint occurred in Franklin County, at Columbus' location.

7. Therefore, personal jurisdiction is proper over Defendant pursuant to Ohio Revised Code § 2307.382(A)(1), (3) and/or (4).

8. Venue is proper pursuant to Civ. R. 3(B)(2), (3) and/or (5).

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

10. Blaney is 46 years old, placing her in a protected class for her age, pursuant to R.C. § 4112 et seq. At all times relevant, she was above the age of 40.

11. Blaney is also in a protected class for her gender (female).

12. Blaney worked for the City as a part-time custodian from June 8, 2015, until she was forced to resign on or about July 15, 2018.

13. Blaney was placed at the Division of Police in or around December 2015.

14. Blaney previously won an HR complaint against Daniel Hook (who no longer works with the City) after going through her Union and eventually being sent to HR.

15. Blaney also complained about Ed Herrera, operations manager, for gender discrimination.

16. While employed at the City, Blaney was also Treasurer for her Union, AFSCME Local 1632, for the employees of the City of Columbus.

17. The aforementioned complaints inform how Blaney has been treated by her superiors since.

18. After Hook resigned from his employment by the City, Blaney began to see retaliatory actions by her coworkers and superiors.



Case: 2:19-cv-02054-ALM-KAJ Doc #: 3 Filed: 05/21/19 Page: 3 of 17 PAGEID #: 112
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572
0E452 - G95

19. Blaney complained about this harassment, bullying, and discrimination numerous times due to the near-constant hostile work environment she endured.

20. These warranted complaints have, unfortunately, led to Blaney being blackballed from any sort of promotion or lateral movement through the City's offices.

21. On or about May 26, 2016, Blaney was asked to perform a custodial job, cleaning a sewage-filled restroom, that she was not prepared for.

22. Blaney stated she was not prepared to complete the task for lack of training, but she was told to do the work by her supervisor, Jeff Dameron, anyway. Lauren Nye, an industrial hygienist, overheard the conversation and gave Blaney her business card.

23. Nye then told Blaney to wait for her to enter the restroom.

24. Nye spoke with the safety manager, Lynda Hicky, at the McKinley Office to get some personal protective equipment ("PPE") and to see if the custodial staff was actually qualified for the job.

25. Unfortunately, Hicky was not at work that day, nor was the OSHA manager, Rick Brewer; further, Nye was not able to assess the sewage problem in person.

26. After attempting to perform the cleanup, Blaney felt ill and left work that day in an ambulance.

27. A few weeks later, Blaney filed the two grievances as a result.

28. In or around early June 2016, Blaney was disciplined by Johnny Scales, Facilities Management Administrator, in response to the clean-up task she was assigned.

29. Blaney was cited with two infractions for that day: improper PPE and not taking a break.

30. At arbitration, Blaney partially won; the improper PPE charge was denied and the City affirmed that it could have trained her better.



Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572
0E452 - G96

31. The City also mooted the break charge, in that it found she could have taken her break after doffing her PPE suit and donning a new one after.

32. Blaney was also charged by the City of lying about the situation and failing to show good behavior shortly after the early June grievances.

33. At the hearing in or around July, the City requested her termination; instead, Blaney was given a ten-day suspension.

34. This suspension was later retroactively shortened to three days after a union arbitration, which is discussed *infra*.

35. In or around August 2016, around the time of the Steps Action in her Union, Blaney was told by then-current Union president, Woodrow Moore, that she would never be allowed to work full-time for the City.

36. Moore then went out of his way to blackball Blaney from gaining any sort of promotion or lateral move from her current position, saying "[Blaney] will never work full-time in facilities, because of all of this!" referring to her various grievances.

37. Moore, along with Jason Sneed, the VP of the Union, then gave Blaney the nickname of "Bat-Shit Crazy Maria," and continued to trash her name to the other departments around the City.

38. Scales continued spreading false, defamatory, retaliatory information about Blaney and was one of the primary bad actors in Blaney's blackballing with the City.

39. On or about October 16, 2017, Blaney interviewed for a full-time custodial position with the City.

40. Blaney was not offered the job, despite her experience. Instead, the City hired two younger men from part-time positions over her.

The Employee's Attorney.™ 

Case: 2:19-cv-02054-ALM-KAJ Doc #: 3 Filed: 05/21/19 Page: 5 of 17 PAGEID #: 114
0E452 - G97
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572

41. Both men were hired after Blaney, one in or around March 2017 and the other in or around April 2017.

42. This mirrored a situation in the spring of 2017, where another full-time position had opened. Blaney had also applied to that position, but a younger man was hired over her who had less experience than she did.

43. More recently, in or around an October 24, 2017 meeting of the Union, Moore made a few statements that violated the City's employees' confidentiality in his "President's Notes."

44. Moore mentioned that there had been new precedence created recently, rising from Blaney's previous complaints with the City.

45. Moore noted verbally in the meeting Blaney's name and her complaint against the Union.

46. Moore stated a few false things in that meeting around Blaney's status at the time.

47. Specifically, Moore falsely noted that Blaney was a probationary employee, was neglectful of her duties, was insubordinate, and that her grievances set the precedent that probationary employees could never be terminated. These were all false statements.

48. Blaney, when she learned of the statements in or around January 2018, complained about those statements to Roberta Skook, Michael Dillon, and Angela Williams (President of the Union).

49. Blaney has faced discrimination and bullying throughout the majority of her time at the City.

50. Blaney was then blackballed by Facilities Management and disallowed from moving to a full-time custodial position and likely to any other position with the City.

51. Scales said that Blaney would never be allowed to be a full-time employee for the City, as an example.



Case: 2:19-cv-02054-ALM-KAJ Doc #: 3 Filed: 05/21/19 Page: 6 of 17 PAGEID #: 115
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572
0E452 - G98

52. Further, Blaney spoke with Commander Springer at the Division of Police, who wished for Blaney to remain in the Police Headquarters because he wanted excellent custodians there, had a meeting with Scales.

53. The Commander told Blaney that he had heard specifically from Scales that she would not be promoted, mostly due to Scales' acts to blackball her from finding other employment with the City.

54. On or about January 24, 2018, Blaney went into the Civil Service Department to discuss a test she had taken for a promotion or a lateral move.

55. Blaney spoke with the assistant director, Michael Eccard, about how she felt she was being held back by Facilities.

56. Blaney asked Eccard if there was any regulation or rule with the City that prevents a person's promotion from part-time to full-time (or any other promotion) based on their previous discipline.

57. Eccard knew of no such rule, even though Blaney had previously been rejected from a job with the City for that cited reason.

58. Blaney was repeatedly rejected from jobs with the City when those with less experience and a younger age were not.

59. The three men who were hired into full-time custodial work when Blaney was not were all significantly younger than her.

60. This is also true for one of the other numerous applications Blaney submitted to the City.

61. Discounting the harassment from Hook and his subsequent resignation, the City has made no actions to stop its Facilities department from discriminating against Blaney, one of its female employees.

The Employee's Attorney.™



Case: 2:19-cv-02054-ALM-KAJ Doc #: 3 Filed: 05/21/19 Page: 7 of 17 PAGEID #: 116
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572
0E452 - G99

62. The City has intentionally and repeatedly passed over Blaney in her applications for promotions, instead hiring numerous younger men to those jobs.

63. Since Blaney complained and arbitrated the sexual harassment case arising from her interactions with Hook, she has been treated differently by her fellow employees and superiors.

64. In an effort to prevent Blaney from receiving any sort of promotion, Facilities Management has gone out of its way to blackball her from a transition out of her current position.

65. This action was a direct retaliation against Blaney's arbitration of sexual harassment at work.

66. One of the primary issues in Blaney's situation was the spreading of Moore's words and his false, retaliatory statements.

67. Because of the false and retaliatory statements Moore made at the Union meeting, as well as his, Sneed's, and Facilities Management's actions to blackball Blaney from finding other employment with the City, Defendant prevented Blaney from becoming a full-time custodian, discriminatorily and retaliatorily failing to hire her.

68. Those words and actions have also had a negative impact on Blaney's attempts to find other full-time employment with the City.

69. Blaney received her Bachelor's degree in or around summer 2016.

70. The words and actions have also had a negative impact on Blaney's attempts to find other full-time employment with the City relevant to her new degree.

71. Blaney applied to approximately 55 different positions with the City, but was hired to none, further evidencing her blackballing and retaliation by false job reference.



Case: 2:19-cv-02054-ALM-KAJ Doc #: 3 Filed: 05/21/19 Page: 8 of 17 PAGEID #: 117
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572
0E452 - H1

72. Because Blaney was restricted from promotion or hiring to new roles, Blaney was forced to resign from her employment with the City, on or about July 15, 2018.

73. Blaney was paid less than her male custodial counterparts.

74. Blaney complained about the unequal pay in comparison to her male counterparts.

75. Columbus actually refused to hire/promote Blaney due to her age, gender, and in retaliation for her previous actions.

76. As a result of her situation with Columbus, Blaney has suffered severe emotional distress, anxiety, and depression.

### COUNT I: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.02 AND R.C. § 4112.99

77. Blaney restates each and every prior paragraph of this complaint, as if it were fully restated herein.

78. Blaney is 46 years old. At all times relevant, Blaney was a member of a statutorily-protected class under R.C. §4112.14(B).

79. Defendant treated Blaney differently from other similarly situated employees based on her age.

80. Defendant discriminated against Blaney on the basis of her age throughout her employment with Columbus.

81. Defendant's discrimination against Blaney based on her age violates R.C. § 4112.01 et seq.

82. Upon information and belief, Blaney was replaced by someone outside her protected classes, and/or Defendant hired less-qualified, significantly younger employees to fill positions to which Plaintiff had applied (and was qualified).



0E452 - H2 Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572

83. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and emotional damages.

### COUNT II: HOSTILE WORK ENVIRONMENT ON THE BASIS OF AGE DISCRIMINATION

84. Blaney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

85. Blaney is age 46, placing her in a protected class for her age pursuant to R.C. § 4112. et seq.

86. During her employment with the City, Blaney was subjected to offensive and harassing conduct based on her age.

87. Defendant knew or should have known of the harassing conduct against Blaney.

88. Defendant condoned, tolerated and ratified this harassing conduct.

89. This harassing conduct was severe and/or pervasive.

90. This harassing conduct was offensive to Blaney.

91. This harassing conduct interfered with Blaney's ability to perform her job duties.

92. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for Blaney.

93. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Blaney.

94. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and emotional damages.

### COUNT III: FAILURE TO HIRE/PROMOTE BASED ON AGE DISCRIMINATION

95. Blaney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.



The Employee's Attorney™

0E452 - H3  Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572

96. Blaney is 46 years old. At all times relevant, Blaney was a member of a statutorily-protected class under R.C. §4112.14(B).

97. Blaney was repeatedly passed over for promotions to full-time work at the City.

98. Defendant failed to hire and/or promote Blaney based on her age.

99. Blaney's age was a determinative factor in Defendant's decision not to promote Blaney.

100. Defendant instead hired/promoted significantly younger individuals outside Blaney's protected age class.

101. Defendant violated R.C. §4112.02 and R.C. § 4112.99 when they failed to hire Blaney based on her age.

102. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and emotional damages.

## COUNT IV: GENDER DISCRIMINATION UNDER R.C. § 4112.02

103. Blaney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

104. Blaney is in a protected class for her gender under R.C. § 4112.02.

105. Defendant treated Blaney differently than other similarly situated employees based on her gender.

106. Defendant discriminated against Blaney for her gender.

107. Defendant discriminated against Blaney on the basis of her gender throughout her employment with Columbus.

108. Defendant's discrimination against Blaney based on her gender violates R.C. § 4112.01 et seq.



Case: 2:19-cv-02054-ALM-KAJ Doc #: 3 Filed: 05/21/19 Page: 11 of 17 PAGEID #: 120
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572
0E452 - H4

109. Upon information and belief, Blaney was replaced by someone outside her protected classes.

110. As a direct and proximate result of Defendant's conduct Plaintiff has suffered and will continue to suffer economic and emotional damages.

### COUNT V: HOSTILE WORK ENVIRONMENT ON THE BASIS OF GENDER DISCRIMINATION

111. Blaney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. Blaney is a woman, placing her in a protected class for her gender pursuant to R.C. § 4112. et seq.

113. During her employment with the City, Blaney was subjected to offensive and harassing conduct based on her gender.

114. Defendant knew or should have known of the harassing conduct against Blaney.

115. Defendant condoned, tolerated and ratified this harassing conduct.

116. This harassing conduct was severe and/or pervasive.

117. This harassing conduct was offensive to Blaney.

118. This harassing conduct interfered with Blaney's ability to perform her job duties.

119. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for Blaney.

120. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Blaney.

121. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and emotional damages.



Case: 2:19-cv-02054-ALM-KAJ Doc #: 3 Filed: 05/21/19 Page: 12 of 17 PAGEID #: 121
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572
0E452 - H5

### COUNT VI: FAILURE TO HIRE/PROMOTE BASED ON GENDER DISCRIMINATION

122. Blaney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

123. Blaney is a woman and thus is in a protected class for her gender under R.C. § 4112.02.

124. Blaney was repeatedly passed over for promotions to full-time work at the City.

125. Defendant failed to hire/promote Blaney based on her gender.

126. Blaney's gender was a determinative factor in Defendant's decision not to promote Blaney.

127. Defendant instead hired/promoted others outside Blaney's protected gender class.

128. Defendant violated R.C. § 4112.01 et seq. when they failed to hire Blaney based on her gender.

129. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and emotional damages.

### COUNT VII: VIOLATION OF OHIO'S EQUAL PAY ACT, R.C. § 4111.17(A)

130. Plaintiff restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

131. Plaintiff is a member of a statutorily protected class based on her gender, as a woman, under R.C. § 4112.02.

132. Columbus intentionally discriminated against Plaintiff and paid her less than other similarly situated male employees based on her gender.

133. Columbus paid male custodial employees higher than female employees in the same role.



0E452 - H6 Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572

134. Columbus discriminated against Plaintiff on the basis of her gender throughout her employment with the Columbus.

135. Columbus did not discriminate against male employees on the basis of their gender.

136. Columbus' discrimination in pay against Plaintiff based on her gender violates R.C. § 4111.17 *et seq.*

137. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and emotional damages.

## COUNT VIII: RETALIATION

138. Blaney restates each and every prior paragraph of this complaint, as if it were fully restated herein.

139. As a result of the Defendant's discriminatory conduct described above, Blaney complained of the discrimination, harassment, and disparate treatment she was experiencing.

140. Subsequent to Blaney's complaints to the City, Defendant took adverse employment actions against Blaney, including terminating her employment and spreading false, retaliatory job references.

141. Defendant's actions were retaliatory in nature based on Blaney's opposition to the unlawful discriminatory conduct.

142. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section..."

143. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and emotional damages.



## COUNT IX: DEFAMATION

144. Blaney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

145. Through the end of Blaney's employment with the City, Moore, Sneed, Scales, Herrera, and Damron and Facilities Management made false statements to City employees, contractors, and third-party vendors regarding Blaney and the circumstances surrounding her employment with the City, including false comments about Blaney's character and reputation.

146. Moore's, Sneed's, Scales', Herrera, and Damron and Facilities Management's false statements about Blaney were made without privilege to third parties.

147. Moore's, Sneed's, Scales', Herrera, and Damron, and Facilities Management's false statements about Blaney were made intentionally, or at least negligently, and with some degree of fault by Moore, Sneed, Scales, and Facilities Management.

148. Moore's, Sneed's, Scales', Herrera, and Damron, and Facilities Management's false statements about Blaney were defamatory *per se*, or caused special harm to Blaney.

149. Moore's, Sneed's, Scales', Herrera, and Damron and Facilities Management's false statements about Blaney reflected injuriously on Blaney's reputation, and/or affected Blaney adversely in her trade, business or profession.

150. Moore, Sneed, Scales, Herrera, and Damron, and Facilities Management made the false statements about Blaney while employed with the City and in their capacities and scopes of employment as a manager, supervisors and/or agents of the City.



The Employee's Attorney.™

151. As a direct and proximate result of Moore's, Sneed's, Scales', Herrera, and Damron, and Facilities Management's conduct, Plaintiff has suffered and will continue to suffer economic and emotional damages.

### COUNT X: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

152. Blaney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

153. Defendant intended to cause Blaney emotional distress, or knew that its acts or omissions would result in serious emotional distress to Blaney.

154. Defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

155. As a direct and proximate result of Defendant's acts and omissions as set forth above, Blaney has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

156. As a direct and proximate result of Defendant's conduct and the resulting emotional distress, Plaintiff has suffered and will continue to suffer economic and emotional damages.

### DEMAND FOR RELIEF

WHEREFORE, Blaney demands from Columbus the following:

a) Issue a permanent injunction:

   i. Requiring Columbus to abolish discrimination, harassment, and retaliation;

   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;



    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Columbus to expunge Blaney's personnel file of all negative documentation;

c) An award against Columbus for compensatory and monetary damages to compensate Blaney for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against Columbus in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Blaney's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.



Case: 2:19-cv-02054-ALM-KAJ Doc #: 3 Filed: 05/21/19 Page: 17 of 17 PAGEID #: 126
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 Dec 19 12:42 PM-18CV010572
0E452 - H10

Respectfully submitted,

*/s/ Matthew G. Bruce*
Matthew Bruce (0083769)
Trial Attorney
Evan R. McFarland (0096953)
THE SPITZ LAW FIRM, LLC
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (513) 883-1147
Fax: (216) 291-5744
Email: Evan.McFarland@SpitzLawFirm.com
Email: Matthew.Bruce@spitzlawfirm.com

Attorneys for Plaintiff Maria Blaney

## JURY DEMAND

Plaintiff Maria Blaney demands a trial by jury by the maximum number of jurors permitted.

*/s/ Matthew G. Bruce*
Matthew Bruce (0083769)

